## No. 14,148.

### STATE OF LOUISIANA vs. FRERE GREEN ET ALS.

#### SYLLABUS.

1. To constitute an offense under the first part of Section 2 of Act No. 8 of the Extra Session of 1870, there must be a *severing* from the soil of the produce, or other crop growing there, or attached thereto, by the party charged.

2. The words "attached thereto" used in the statute are held to mean attached to the soil by roots—a growing, or standing, or ungathered crop of some kind.

3. If the crop be already severed or detached from the soil by the owner, and be left on the ground, and there be a taking and carrying away of the same, or some part thereof, by another, there may be a case of larceny, but no offense under Section 2 of the Act of 1870.

APPEAL from the Nineteenth Judicial District, Parish of Iberia— *Foster, J.*

---

*Anthony N. Muller,* District Attorney, for Plaintiff, Appellant.

---

*Todd & Davis,* for Defendant, Appellee.

---

The opinion of the court was delivered by

BLANCHARD, J. The three defendants were indicted, under Section

2 of Act No. 8 of the Extra Session of 1870, for severing from the soil of another a lot of sugar cane.

The indictment, after alleging the cane was attached to the soil, adds:—"Which sugar cane was there windrowed for planting as seed cane."

Defendants moved to quash on the ground that the indictment disclosed the cane in question was not a growing crop, but was at the time laid in the indictment already severed from the soil and in windrow.

The motion to quash was sustained and the State prosecutes this appeal.

*Ruling*—The section of the law under which the indictment is laid is as follows:—

"Whoever shall maliciously or fraudulently sever from the soil of another any produce, or any fruit or crop growing thereon or attached thereto, or shall feloniously or maliciously sever from any building, or from any gate, fence, or other enclosure of another, any part thereof or any material of which it is formed, shall, on conviction thereof, be imprisoned at hard labor or otherwise not exceeding two years, and be fined not exceeding one thousand dollars, at the discretion of the court."

To constitute an offense under the first part of this section there must be a *severing* from the soil of produce, fruit, or other crop growing there, or attached thereto, by the party charged.

The words "attached thereto" must be held to mean attached to the soil by the roots—a growing or standing or ungathered crop of some kind.

If the crop be already severed or detached from the soil by the owner, and be left on the ground—as in this instance in windrow—and there be a taking and carrying away of the same, or some part thereof, by another, there may be a case of larceny, but no offense under Section 2 of Act 8 of the Extra Session of 1870.

It may be and undoubtedly is the case that sugar cane severed from the soil by the owner and placed in windrow on the plantation for the service of the place (to be used later as seed cane) remains "immovable by destination"—that fiction of our law described and defined in Article 468 of the Civil Code.

But it is not to be argued from this that when the cane is taken from the windrow and carried off there is a *detaching* from the soil within the meaning of the statute under discussion.

As well might it be said that a mule, forming part of the working cattle of the plantation and "immovable by destination," which is taken and carried off, by a thief, may not be the subject of larceny

because, being an immovable by destination, it is real property (which may not be the subject of larceny), and not of the personal goods of another (which may be the subject of larceny.)

Judgment affirmed.